IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv245

| | |
|---|---|
| RONDALD HUGH HUTTON, ) | |
| ) | |
| ) | |
| Plaintiff, ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF VETERANS ) | |
| AFFAIRS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Pending before the Court are the Motion to Dismiss [# 6] and Motion for Permanent Injunction [# 7] filed by the United States and the Motion to Change Venue [# 8] filed by Plaintiff. Plaintiff brought this action pursuant to 28 U.S.C. § 1983 against the United States Department of Veterans Affairs (the "VA") seeking an order directing the VA to find that Plaintiff is not disabled. Defendant moves to dismiss the claims asserted against it in the Complaint. In addition, the VA moves for the entry of a pre-filing injunction against Plaintiff. Plaintiff moves to transfer this case to the United States District Court for the Middle District of North Carolina. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 6], **DENY** the Motion to Change Venue [# 8], and **DENY without prejudice** the Motion for Permanent Injunction [# 7].

1

## I. Background

Plaintiff is a veteran of the United States Navy. (Pl.'s Am. Compl. p 6, ECF No. 1); Hutton v. U.S. Dep't Veterans Affairs, No. 1:12CV190, 2013 WL 1331191, at *1 (M.D.N.C. Mar. 29, 2013). In 1988, the VA determined that Plaintiff was disabled as a result of Plaintiff's mental condition. (Pl.'s Am. Compl. p 6.) Plaintiff contends that he currently does not have the problems and impulses that caused the VA to find him disabled in 1988. (Id.) Plaintiff alleges that at present he is capable of performing a full time job in his career field, and he would not throw objects or have other adverse reactions that might render him disabled. (Id.)

Plaintiff now brings this action pursuant to Section 1983 to have the VA remove his disabled label and remove the information about his disability from the VA's database. (Id. at p. 5.) In addition, Plaintiff states that he does not need any further assistance from the VA. (Id.) Finally, Plaintiff contends that by labeling him mentally disabled, the VA has hindered Plaintiff's ability to obtain employment. (Id. at pp. 6-7.)

Previously, Plaintiff brought other lawsuits in the United States District Court for the Eastern District of North Carolina and the United States District Court for the Middle District of North Carolina requesting the exact same relief. See Hutton v. U.S. Dep't Veterans Affairs, No. 5:15-CV-00009-FL, 2015 WL

1851406 (E.D.N.C. Jan. 26, 2015); Hutton v. U.S. Dep't Veterans Affairs¸ No. 5:13-CV-417-FL, 2014 WL 2112673 (E.D.N.C. Apr. 4, 2014); Hutton, 2013 WL 1331191.  Each of these cases was dismissed.  Hutton, 2015 WL 1851406; Hutton, 2014 WL 2112673; Hutton, 2013 WL 1331191.  As a result of Plaintiff's continued filing of duplicative, frivolous claims, the United States District Court for the Eastern District of North Carolina recently imposed a pre-filing injunction against Plaintiff prohibiting Plaintiff from filing any motion or lawsuit against the VA in the Eastern District.  Hutton v. U.S. Dep't Veterans Affairs¸ No. 5:15-CV-9-FL, 2015 WL 1851413, at *2 (E.D.N.C. Apr. 22, 2015).

After being enjoined from filing further actions in the United States District Court for the Eastern District of North Carolina, Plaintiff brought an action in this Court seeking the same relief he sought in the prior cases.  The VA then moved to dismiss the claims asserted against it in Complaint.  In addition, the VA moved for the entry of an order enjoining Plaintiff from future filings in this district related to Plaintiff's disability status with the VA.  In response to the Motion to Dismiss, Plaintiff moved to transfer this case based on his recent change of address.  The District Court referred the motions to this Court.  Accordingly, the motions are now properly before this Court for a Memorandum and Recommendation to the District Court.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendants' motion, the Court accepts the allegations in the Amended Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Amended Complaint is required to contain "enough facts to state a

claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

### III. Analysis

**A. The Motion to Transfer**

When a plaintiff brings an action against an agency of the United States, venue is proper in any judicial district where the plaintiff resides. 28 U.S.C. § 1391(e)(1). "If natural persons are involved, it is their residence at the time the action is commenced, not when the claim arose, that is decisive in ascertaining the propriety of federal venue." 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3805 (3d ed. 2007). Here, Plaintiff alleged that he was a resident of Asheville, North Carolina when he initiated this action. (Pl.'s Compl. p. 1.) Accordingly, venue is proper in this Court.

5

Despite bringing this action in this Court, Plaintiff now moves to transfer this action to the United States District Court for the Middle District of North Carolina. A district court may transfer any civil action to another district or division in the interest of justice and for the convenience of the parties and witnesses, provided that the action could have been originally filed in that district or division or all the parties consent to the transfer. 28 U.S.C. § 1404(a). Section 1404 allows the Court to exercise its discretion in ruling on a motion to transfer based on an individual, cases-by-case basis. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 2244 (1988); see also Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir. 1991). In exercising their discretion in determining whether to transfer a case, courts in this district consider, in addition to other factors that may be specific to the individual case, eleven factors. See Jim Crockett Promotions, Inc. v. Action Media Grp., Inc., 751 F. Supp. 93, 96 (W.D.N.C. 1990) (Potter, C.J.); Andritz Hydro Corp. v. PPL Montana, LLC., No. 3:13-cv-412-RJC-DSC, 2014 WL 868750 (W.D.N.C. Mar. 5, 2014) (Conrad, J.). These eleven factors include:

> (1) plaintiff's initial choice of the forum; (2) the relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; (4) possibility of view of premises, if view would be appropriate to the action; (5) enforceability of a judgment if one is obtained; (6) relative advantages and obstacles to a fair trial; (7) all other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9)

> local interests in having localized controversies settled at home; (10) the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflict of laws.

Datasouth Computer Corp. v. Three Dimensional Techs., Inc., 719 F. Supp. 446, 450-51 (W.D.N.C. 1989) (Potter, C.J.); see also Action Media, 751 F. Supp. at 96; Duke Energy Fla., Inc. v. Westinghouse Elec. Co., No. 3:14-cv-00141-MOC-DSC, 2014 WL 2572960 (W.D.N.C. Jun. 9, 2014) (Cogburn, J.) "When weighing these factors, the court must keep in mind that a party seeking transfer pursuant to Section 1404(a) has the burden of persuasion and must show (1) more than a bare balance of convenience in his favor and (2) that a transfer does more than merely shift the inconvenience." Datasouth, 719 F. Supp. at 451 (internal quotations and citation omitted).

Upon consideration of the relevant factors, the Court finds that transferring this case to another district is not warranted. In fact, it appears that Plaintiff is only requesting transfer as a means of avoiding the dismissal of this action, a tactic he also attempted to use to avoid dismissal in the prior action brought in the United States District Court for the Middle District of North Carolina. Hutton, 2013 WL 1331191, at *3. Because it is not in the interest of justice to transfer this case, and based on the Court's determination as set forth below that this case is subject to dismissal, the Court **RECOMMENDS** that the District Court **DENY** the Motion

to Change Venue [# 8].

   **B. The Motion to Dismiss**

   Plaintiff brought this action against the VA pursuant to Section 1983. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983, however, does not reach the actions of the Federal Government and its officers. District of Columbia v. Carter, 409 U.S. 418, 424-25, 93 S. Ct. 602, 606 (1973). "In other words, a § 1983 claim is limited to those cases where a defendant has acted under color of state law, and the statute does not apply to actions by federal officers or agencies acting in their official capacity in federal proceedings." Ejindu v. Ctrs. for Medicare & Medicaid Servs., 3:14-cv-395-RJC, 2016 WL427937, at *2 (W.D.N.C. Feb. 3, 2016) (Conrad, J.); see also Miller v. U.S. Dep't Housing & Urban Dev., No. 1:05CV01045, 2006 WL 2504834, at *5 (M.D.N.C. Aug. 29, 2006); Rackham v. Dep't Veterans Affairs, No. Civ.A. 7:03CV00574, 2004 WL 385026, at *1 (W.D. Va. Mar. 1, 2004). Because the VA, as an agency of the Federal Government, is not subject to suit under Section 1983, the Court **RECOMMENDS** that the District Court **GRANT**

the Motion to Dismiss [# 6].  Moreover, to the extent that Plaintiff is actually asserting a claim under the Privacy Act or is seeking to obtain review of the VA decision regarding his disability benefits, the claims are subject to dismissal for the same reasons addressed at length by the Middle and Eastern Districts.  See Hutton, 2015 WL 1851406; Hutton, 2014 WL 2112673; Hutton, 2013 WL 1331191.  As other federal Courts have repeatedly explained to Plaintiff, his claims related to the VA's determination in 1988 that he was disabled are not viable in federal court.

### C. Motion for Permanent Injunction

Litigants do not have an absolute and unconditional right of access to federal courts in order to prosecute frivolous, successive, abusive or vexatious legal actions.  See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997).  Courts possess the inherent power to control the judicial process and to redress conduct that abuses that process.  Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Court **INSTRUCTS** Plaintiff that future frivolous filings in this Court will result in the imposition of a pre-filing review system similar to the one imposed by the Eastern District.  See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, the Court will summarily dismiss as frivolous

future pleadings filed in this District that lack substance or that are not filed in good faith. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). If Plaintiff continues to file the same frivolous pleading in this Court, as he has now done in three district courts, the Court may modify the pre-filing system to include an injunction from filings. See In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984). Accordingly, the Court **RECOMMENDS** that the District Court **DENY without prejudice** the Motion for Permanent Injunction [# 7]. If Plaintiff files a subsequent action in this Court raising the same issues, the VA should file a renewed motion for a pre-filing injunction.

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 6], **DENY without prejudice** the Motion [# 7], and **DENY** the Motion to Change Venue [# 8].

Signed: April 23, 2017

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).